CONCURRING OPINION BY MUSMANNO, J.: While the Majority sets forth a comprehensive analysis of the issue of standing in this case, I write separately to convey my concerns regarding the trial court’s eviden-tiary hearing in this matter. From the trial court’s Opinion, it is apparent that the court applied a custody “best interests” standard, rather than considering the factors relevant to a standing challenge asserted through preliminary objections. I additionally note that, while the Majority properly relied on our Supreme Court’s decision in T.B. v. L.R.M., 567 Pa. 222, 786 A.2d 913, 916 (2001), it may be time to revisit the issue of the appropriate standard and presumptions to be applied in determining standing where a child is born during a same-sex relationship.' I question whether treating C.G. as a “third party” is appropriate where, as here, the parties lived together following a commitment ceremony;[1] Child was conceived during the parties’ relationship; and the parties subsequently lived together with Child for over five years. . At that time, same-sex marriage was not recognized under Florida law. If C.G. were male, standing would not be an issue because C.G. would have been considered to be a “parent.”